UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES CORDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:14cv109 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on a motion for attorney fees under the Equal Access to Justice Act, filed by the Plaintiff on May 8, 2015. The defendant Commissioner objected to the motion on May 18, 2015, to which Plaintiff replied on May 29, 2015. Plaintiff then filed a corrected motion on June 1, 2015.

For the following reasons, the motion will be denied.

Discussion

`The Equal Access to Justice Act ("EAJA") provides, in relevant part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. Section 2412(d)(1)(A). *See also Golembiewski v. Barnhart*, 382 F.3d 721, 723-724 (7th Cir. 2004); *Stewart v. Astrue*, 561 F.3d 679, 682 (7th Cir. 2009).

The substantial justification standard requires that the Commissioner show that its

position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). The Commissioner bears the burden of establishing that his position was substantially justified. *Stewart*, 561 F.3d at 683; *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

In the present case, the Commissioner does not argue that her position was substantially justified. Nor does she argue that the fees requested are unreasonable. Rather, the Commissioner argues that Plaintiff's counsel has not submitted "contemporaneous time records" to support his fee request. The Commissioner points out that under the EAJA, a request for fees must include "an itemized statement from any attorney . . . representing or appearing on behalf of the party stating the *actual time expended* and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B) (emphasis added). The Commissioner interprets "actual time expended" as requiring an attorney to submit contemporaneous time records. Plaintiff's counsel has submitted an "Affidavit Regarding Application for Attorney Fees Under the Equal Access to Justice Act", in which he details 22.625 attorney hours, at a rate of $186.03, for a total fee request of $4,208.93.

The Commissioner notes that Plaintiff's counsel has run into significant trouble in the Southern District of Indiana where 12 of his EAJA attorney fee petitions have been denied on the grounds that they fail to state the actual time expended in representing clients. The underlying problem is that Plaintiff's counsel submits identical or nearly identical affidavits for each case,

2

regardless of the complexity or actual time spent on the case.  The Commissioner has compiled a chart in which she shows that Plaintiff's counsel bills, for the most part, identical hours in 28 cases for certain entries, such as writing a complaint, drafting a motion for summary judgment, drafting a reply, writing an EAJA fee petition, etc.

The Commissioner refers the court to *Williams v. Astrue*, No. 1:09cv1577-DML-RLY, 2011 WL 2532905 (S.D. Ind. June 24, 2011), in which Magistrate Judge McVicker Lynch admonished counsel for documenting the same number of hours for every major pleading in numerous cases within an eighteen-month period.  Additionally, on May 1, 2013, in *J.M.S. a minor by her father, Jeremy Spencer v. Colvin*, 1:11cv243 (S.D.Ind.)(DE 38), Judge William Lawrence found that in two separate cases, the affidavits filed in support of counsel's pending EAJA motions were identical in material respects.   In response to this order, Plaintiff's counsel filed a pleading on May 22, 2013 in which he stated that he never kept time sheets and that having submitted many EAJA attorney fee applications since approximately1984, he learned that similar tasks require similar amounts of time.  *Id*.  at DE 39. In essence, Plaintiff's counsel estimates the amount of time expended on each task, based on his experience with Social Security cases.

In the present case, Plaintiff's counsel again admits that he has not submitted "contemporaneous time records".  Plaintiff's counsel claims that such a requirement is not in the EAJA statute.  Plaintiff's counsel then states that "[p]lainly, 'actual time' can be accurately estimated as can other estimated facts relied on in everyday life."  Pl. Reply Brief at 2.

This court, like the Southern District of Indiana, is uncomfortable with awarding attorney fees based on anything other than a contemporaneous time record.   Plaintiff's counsel has been

warned in several cases that he needs to keep contemporaneous time records in order to recover EAJA fees. Yet he persists in submitting virtually the same fee affidavit in each case. This court, like the Southern District of Indiana, finds that it is appropriate to deny fees entirely due to "special circumstances that would make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 419-30 (1983).

## Conclusion

On the basis of the foregoing, Plaintiff's motion for EAJA fees is hereby DENIED.

Entered: July 7, 2015.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court